UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DARRELL EUGENE BANKS,
REG. #23612-058                                                                              PLAINTIFF

V.                                        4:16CV00050 JTR

UNITED STATES OF AMERICA                                                  DEFENDANT

### MEMORANDUM AND ORDER[1]

### I. Introduction

Plaintiff, Darrell Eugene Banks ("Banks"), has filed this *pro se* action, pursuant to the Federal Torts Claim Act ("FTCA"), alleging that he received negligent medical care while he was in the federal prison located in Forrest City, Arkansas ("Arkansas federal prison"). *Docs. 2 & 5.*

Specifically, Banks alleges that, on May 2, 2011, he fell at the Arkansas federal prison and injured his face, shoulder, and leg. *Id.* Banks contends that, for the next two years, medical personnel at the Arkansas federal prison negligently treated those injuries. *Id.* As a result, Banks allegedly suffered repeated infections, unnecessary pain, and restricted mobility in his leg. *Id.* On June 20, 2013, Banks was transferred

---

[1] On July 28, 2016, the parties consented to proceed before a United States Magistrate Judge. *Doc. 26.*

from the Arkansas federal prison to a Mississippi federal prison.[2] *Doc. 10, Ex. A.* Sometime thereafter, he was transferred to a halfway house in Tennessee, which is where he is currently confined. *Id.*

Defendant United States of America has filed a Motion for Summary Judgment, a Statement of Undisputed Facts, and a Brief in Support arguing that Banks's FTCA claim is time barred.[3] *Docs. 9, 10, & 11.* Banks has filed a Response and a Statement of Disputed Facts. *Docs. 17 & 18.* Defendant has filed a Reply. *Doc. 22.*

Banks has filed a Motion for Partial Summary Judgment on the issue of liability, a Brief in Response, and a Statement of Undisputed Facts. *Docs. 19, 20, & 21.* Defendant has filed a Response, a Statement of Disputed Facts, and a Brief. *Docs. 23, 24, & 25.*

Thus, both Motions are properly joined and ready for disposition. For the reasons discussed below, Defendant's Motion for Summary Judgment is granted and

---

[2] While Banks was in Mississippi, he filed, in this District, an FTCA and *Bivens* claim challenging the medical care he received in the Arkansas federal prison for his May 2, 2011 injuries. *See Banks v. Fed. Bureau of Prisons*, 2:13CV00121 (E.D. Ark. 2013) ("*Banks I*"). In *Banks I,* the Court: (1) dismissed the FTCA claim, without prejudice, because Banks failed to properly exhaust his administrative remedies; and (2) dismissed the *Bivens* claim on the merits and with prejudice. *Banks I, Docs. 45, 47, 68 & 69.* Thereafter, Banks attempted to properly exhaust his administrative issue as to his FTCA claim. The issue pending before this Court is whether Banks has now properly and timely done so.

[3] Defendant originally captioned this pleading as a "Motion to Dismiss." *Doc. 9.* However, because the Motion contained supporting documents, the Court notified both parties that it would be treated as a Motion for Summary Judgment. *Doc. 12.*

-2-

Banks's Motion for Partial Summary Judgment is denied.

## II. Discussion

The FTCA provides, in pertinent part, that: "A tort claim against the United States shall be forever barred unless it is presented to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b); *United States v. Wong*, 135 S. Ct. 1625, 1633 (2015) (holding that the FTCA's statute of limitations is *not* a matter of subject matter jurisdiction and abrogating contrary Eighth Circuit precedent). A FTCA claim for a medical injury "accrues" when the plaintiff "knows or reasonably should know both of the injury's existence and its cause." *Flores v. United States,* 689 F.3d 894, 901 (8th Cir. 2012); *Garza v. U.S. Bureau of Prisons*, 284 F.3d 930, 934 (8th Cir. 2002). Importantly, the Eighth Circuit has clarified that a lack of knowledge of the injury's permanence or the extent and full ramifications of the injury do not toll the FTCA's statute of limitations. *Manko v. United States*, 830 F.2d 831, 842 (8th Cir. 1987).

*Before* his June 20, 2013 transfer to the Mississippi federal prisoner, Banks filed several sick call requests and informal resolutions complaining about the medical care he was receiving for his May 2, 2011 injuries at the Arkansas federal prison. *Banks I, Docs. 38 & 40.* Because Banks was aware of his injuries and their cause, his FTCA claim regarding his medical care at the Arkansas federal prison accrued, *at the*

*very latest*, on or before his June 20, 2013 transfer to the Mississippi federal prison.[4]

Thus, Banks was required to present a proper administrative claim to the BOP *on or before June 21, 2015*. The Court will now determine whether Banks met that deadline.

### A.    June 15, 2011 Letter to the BOP

On June 15, 2011, Banks sent the BOP a letter complaining about the medical care he was receiving at the Arkansas federal prison. *Doc. 5 at 8-10*. The BOP contends that it never received that letter. *Doc. 10, Ex. A*.

In *Banks I,* the Court ruled that the June 15, 2011 letter was *not* a proper administrative claim because it failed to include a request for a "sum certain."[5] *Banks I, Docs. 45 & 27.* The Eighth Circuit, on appeal, affirmed that ruling. *Id., Docs. 84, 85 & 86.* The doctrine *of res judicata* now precludes this Court from reconsidering that issue. *See Fed. Dept. Stores, Inc. v. Moitie,* 452 U.S. 394, 398 (1981) (explaining that, pursuant to the doctrine of *res judicata*: "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action"); *Smith v. Johnson*, 779 F.3d 867, 870 (8th Cir. 2015)

---

[4] Arguable, Banks's claim accrued on May 2, 2011, which was the date of his fall. However, because Banks is challenging the continuing medical care he received for those injuries while he was in the Arkansas federal prison, the Court will give Banks the benefit of starting the limitations period on the *last day* that he as in the Arkansas federal prison.

[5] Under the FTCA, an administrative claim can be filed on a "Standard Form 95" or any "other written notification of an incident, accompanied by a claim for monetary damages *in a sum certain*." 28 § C.F.R. 14.2(a) (emphasis added).

(same).  Thus, the Court concludes that Banks's June 15, 2011 letter is not proper exhaustion as to the FTCA negligence claim he is raising in this lawsuit.

**B.     Administrative Claim 2016-702**

On November 9, 2015, the BOP received Banks's Administrative Claim 2016-702, which corrected the error in his June 15, 2011 letter by specifically requesting 6.9 million dollars in damages for the allegedly negligent medical care he received at the Arkansas federal prison.[6]  *Doc. 5 at 5.*  The BOP rejected that claim, *without reaching the merits*, because it was received well *after* the June 21, 2015 deadline for filing an administrative claim about the medical care Banks received at the Arkansas federal prison.  *Doc. 10, Ex. A.*

Banks now makes the  argument that Administrative Claim 2016-702, which contained a sum certain, should be considered to be part of his June 15, 2011 letter, which was timely filed.  Bank' premises this argument on  28 U.S. C. § 2675(a), which provides that:

---

[6] Banks argues that he "filed" Administrative Claim 2016-702 on October 29, 2015, which is the date that he *mailed* it to the BOP.  However, an FTCA claim is "filed" when it is *received* by the federal agency.  28 C.F.R. § 14.2(a).

> The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

According to Banks, because the BOP never responded to his June 11, 2011 letter, he had *no deadline* for filing Administrative Claim 2016-702 *with the BOP*.

Banks's argument is contrary to the controlling federal statutes that govern the timely and proper initiation of FTCA claims. Specifically, the FTCA contains *two* statutes of limitations. First, as previously discussed, an FTCA claimant has two years to file a claim with the *administrative agency*. 28 U.S.C. § 2401(b). Second, a plaintiff must then file *a federal lawsuit* within six months of the administrative agency's denial of the claim. *Id.* Section § 2675(a) applies to the limitations period for filing a *federal lawsuit*, and not to the limitations period to file a claim with the administrative agency. *McNeil v. U.S.*, 508 U.S. 106, 109 (1993). Specifically, § 2675(a) provides that, if the administrative agency does not respond to a claim within six months, then the claim is deemed denied and the plaintiff can file a federal lawsuit anytime thereafter.

The issue in this lawsuit is whether Banks timely and properly filed his administrative claim *with the BOP*, and *not* whether he timely filed this federal lawsuit after receiving the BOP's denial of Administrative Claim 2016-702. Thus, § 2675(a) is inapplicable. Because the BOP correctly rejected Administrative Claim 2016-702

as being untimely filed, it can not be deemed to have properly exhausted the the FTCA negligence claim Banks is asserting in this lawsuit.

**C.     Administrative Claims 2014-4840 and 2016-1014**

On June 16, 2014, approximately one year *before* the June 21, 2015 deadline, the BOP received Banks's Administrative Claim 2014-4840. *Doc. 10, Ex. A.* However, in that claim Banks alleged that he received negligent medical care while he was incarcerated in the *Mississippi federal prison*.[7]  *Id.*  Thus, Administrative Claim 2014-4840  is not proper exhaustion as to the FTCA claim Banks is raising in this lawsuit.

On December 29, 2015, the BOP received Banks's Administrative Claim 2016-1014, which deals only with the medical care he received in *Mississippi.* Additionally, the BOP received Administrative Claim 2016-1014 on  December 29, 2015, *after* the expiration of the June 21, 2015 deadline for presenting his claim to the BOP.  Accordingly, Administrative Claim 2016-1014 has *not relevance* to the issue of whether Banks properly exhausted his administrative remedies as to the medical care he received in *Arkansas*, which is the only FTCA claim he has asserted

---

[7] If Banks wishes to proceed with an FTCA claim regarding the medical care he received in the *Mississippi federal prison*, he must do so by filing a federal lawsuit in that state. *See*  28 U.S.C. § 1391(b) (providing that, in a case that is not based on diversity jurisdiction, venue is proper in the judicial district where "any defendant resides" or "a substantial part of the events or omissions giving rise to the claim occurred"); 28 U.S.C. § 1346(b)(1) (providing that FTCA claims are governed by the substantive law of the state where the allegedly tortuous acts occurred).

in this action.

### III.  Conclusion

Thus, the Court concludes that Banks's FTCA claim that he received negligent medical care at the Arkansas federal prison for his May 21, 2011 injuries is time barred because he failed to timely and properly file an administrative claim with the BOP within the applicable two year statute of limitations, as required by 28 U.S.C. § 2401(b).

IT IS THEREFORE ORDERED THAT:

1.   Defendant's Motion to Dismiss *(Doc. 9),* which has been construed as a Motion for Summary Judgment is GRANTED, and Banks's FTCA claim is DISMISSED, WITH PREJUDICE..

2.   Banks's Motion for Partial Summary Judgment *(Doc. 19)* is DENIED.

Dated this 4th day of November, 2016.

*[signature: J. Thomas Ray]*

UNITED STATES MAGISTRATE JUDGE